

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-26-00070-CR

---

EX PARTE JESSICA CAROLINA QUINTANA

---

On Appeal from the 253rd District Court
Liberty County, Texas
Trial Court No. 26DC-WR-00097

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

This is an appeal from the denial of a pretrial writ of habeas corpus.[1] Jessica Carolina Quintana was indicted for two counts of injury to a child causing serious bodily injury and aggravated assault causing serious bodily injury. Quintana appeals the trial court's denial of her request for a personal recognizance or reduced bond after the State obtained an indictment on the eighty-ninth day of her pre-trial incarceration.

We affirm the trial court.

## I. Background

Quintana was arrested on October 24, 2025, and on January 22, 2026, she filed an application for writ of habeas corpus. The trial court conducted a hearing on February 11, 2026, and thereafter denied her requested habeas relief.

## II. Standard of Review

We review a trial court's decision to deny habeas corpus for an abuse of discretion. *See Ex Parte Gill*, 413 S.W.3d 425, 428 (Tex. Crim. App. 2013). Under this standard, a trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to guiding rules and principles, or "when no reasonable view of the record could support its ruling." *State v. Lerma*, 639 S.W.3d 63, 68 (Tex. Crim. App. 2021). In making this determination, we "view the evidence in the light most favorable to the trial court's ruling." *Id.* (quoting *Briggs v. State*, 560 S.W.3d 176, 185 (Tex. Crim. App. 2018)).

Article 17.151 of the Texas Code of Criminal Procedure states,

---

[1] Originally appealed to the Ninth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.).

2

Sec. 1.  A defendant who is detained in jail pending trial of an accusation against [her] must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which [s]he is being detained within:

(1)     90 days from the commencement of h[er] detention if [s]he is accused of a felony[.]

TEX. CODE CRIM. PROC. ANN. art. 17.151, § 1(1) (Supp.).

"Article 17.151 is mandatory; if the State is not ready for trial within [ninety] days of the beginning of the defendant's detention, the defendant accused of a felony must be released on personal bond or by reducing the required bail amount." *Ex parte Lanclos*, 624 S.W.3d 923, 927 (Tex. Crim. App. 2021).  And if the trial "court chooses to reduce the amount of bail required, it must reduce it to an amount that the record reflects the accused can make." *Id.*

The State has the initial burden "to make a prima facie showing that it was ready" for trial within ninety days after the start of a defendant's detention.  *Jones v. State*, 803 S.W.2d 712, 717 (Tex. Crim. App. 1991).

## III.    Analysis

The trial court expressly found that "the State was ready, sufficient to meet the statute." Quintana claims that finding, coupled with a denial of her request to reduce the dollar amount of the bond or grant her personal recognizance release, was an abuse of discretion.  In particular, she claims that the State could not have been ready for trial within the ninety days provided in Article 17.151 because, when the indictment was issued, the State had yet to make disclosures

3

required by the Michael Morton Act[2] embodied in Article 39.14 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 39.14 (Supp.).

The State may establish prima facie readiness "either by announcing within the allotted time that it is ready, or by announcing retrospectively that it had been ready within the allotted time." *Jones*, 803 S.W.2d at 717 (citing *Barfield v. State*, 586 S.W.2d 538, 542 (Tex. Crim. App. [Panel Op.] 1979)). "It is not enough that the State appear in open court after the running of the applicable period and declare itself at that time ready for trial." *Id.*

At the writ hearing, and in response to Quintana's motion, the State first responded as follows:

> The State is ready, Your Honor. We've indicted the case within [ninety] days, which the code requires. And we've done -- witnesses are available. They're all local. Evidence has been disclosed. There's nothing pending on the State's side. So defense argument is moot. I mean, we're ready, and it's been indicted. It's pretty clear, within the [ninety]-day window, and we are within that [ninety]-day window.

Later in the hearing, the State also announced as follows:

> Under 17.151, the State was ready and is still ready to proceed. We have met our prima facie burden of announcing that through the indictment and then also through what's been announced for purposes of [Article] 17.151.

In the context of the writ hearing, and considering both of the State's announcements before the trial court in a light most favorable to the trial court's ruling, it was not an abuse of discretion for the trial court to determine that the State's announcement that it "was ready" referred to the time allotted by Article 17.151, and that the State established its readiness as a prima facie matter.

The burden then shifted to Quintana to rebut the State's announcement. *See id.* at 718.

---

[2]*See* Michael Morton Act, 83d Leg., R.S., ch. 49, 2013 Tex. Gen. Laws 106.

> Evidence that rebuts a prima facie showing of readiness "may consist of, among other things, a demonstration that the state did not have a key witness or piece of evidence available by the last day of the applicable time limit so that the state was not ready for trial within that time limit."

*Id.* (quoting *Barefield*, 586 S.W.2d at 542). Here, all of the evidence offered by Quintana at the writ hearing consisted of her ability to pay the then-current amount of bail. Further, "[t]he State's duty to comply with its discovery obligations under article 39.14 is not a component of the State's readiness for trial as it relates to a defendant's rights to bail under Article 17.151 of the Code of Criminal Procedure." *In re Tovar*, No. 09-23-00358-CR, 2024 WL 697698, at *2 (Tex. App.—Beaumont Feb. 20, 2024, orig. proceeding) (per curiam) (mem. op., not designated for publication) (citing *Ex parte Highsmith*, 652 S.W.3d 850, 858 (Tex. App.—Austin 2022, pet. ref'd)). Quintana did not rebut the State's prima facie readiness announcement.

Since Quintana's point of error alleges that the trial court was *required* to either grant a personal recognizance bond or a reduced bond, and since we overrule that point of error, we will not consider the amount of her bond.

## IV. Conclusion

Viewing the evidence in a light most favorable to the trial court's decision, we conclude that the trial court did not abuse its discretion when it denied Quintana's application for a writ of habeas corpus.

Quintana's sole point of error is overruled.

We affirm the trial court's denial of Quintana's pretrial writ for habeas corpus.

Charles van Cleef
Justice

Date Submitted: June 15, 2026
Date Decided: June 30, 2026

Do Not Publish